# UNITED STATES DISTRICT COURT
for the
**Eastern District of Kentucky**
**Frankfort Division**

| | |
|---|---|
| Rodney Price ) | |
|     *Plaintiff* ) | |
| ) | |
| v. ) | Case No. |
| ) | |
| Portfolio Recovery Associates, LLC ) | |
|     *Defendant* ) | |
| Serve: ) | |
|     Corporation Service Company ) | |
|     2711 Centerville Road, Suite 400 ) | |
|     Wilmington, DE 19801 ) | |
| ) | |

## VERIFIED COMPLAINT and DEMAND FOR JURY TRIAL

### INTRODUCTION

1. This is an action brought by a consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 - 1692o ("FDCPA").

2. Defendant Portfolio Recovery Associates, LLC ("PRA") violated the FDCPA by falsely representing the amount of debt owed by Plaintiff Rodney Price. In particular, PRA added self-awarded court costs to which it was not legally entitled to the amount of a judgment it obtained against Mr. Price.

### JURISDICTION

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, and the FDCPA, 15 U.S.C. §1692k(d).

### PARTIES

4. Plaintiff Rodney Prices is a natural person who resides in Shelby County, Ky. Mr. Price is a "consumer" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

5. Defendant Portfolio Recovery Associates, LLC ("PRA") is a limited liability company which has not registered with the Kentucky Secretary of State, and the principal purpose of whose business is the purchase and collection of defaulted debts, operating a debt collection agency with its principal place of business located at 120 Corporate Blvd., Norfolk, VA 23502.

6. PRA regularly collects or attempts to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(6). PRA is also a furnisher of information within the meaning of the FCRA.

## STATEMENT OF FACTS

7. Defendant Portfolio Recovery Associates, LLC filed suit against Plaintiff Rodney Price in Shelby District Court on or about April 24, 2015.

8. PRA's lawsuit was an attempt to collect a debt originated by Webbank.

9. Upon information and belief, the Webbank debt was incurred for personal, family, or household purposes, which makes the Webbank debt a "debt" within the meaning of the FDCPA.

10. A true and accurate copy of PRA's state court complaint is attached as Exhibit "A."

11. On or about November 3, 2015, PRA moved for default judgment against Mr. Price.

12. On November 16, 2015, the Shelby District Court entered a default judgment against Mr. Price in the state-court case.

13. A true and accurate copy of the default judgment referenced in the paragraph above is attached as Exhibit "B."

14. The default judgment provides in pertinent part:

> It is ORDERED and ADJUDGED that Plaintiff recover from the Defendant(s) Rodney Price the sum of $1,773.15 plus court costs….

15. While the default judgment awards "court costs" to PRA, no amount of court costs is included or set forth in the amount of the judgment.

16. Under Kentucky law, court costs awarded under Ky. Civ. R. P. 54.04, which requires the prevailing party to file and serve a bill of costs on the defendant:

> A party entitled to recover costs shall prepare and serve upon the party liable therefor a bill itemizing the costs incurred by him in the action, including filing fees, fees incident to service of process and summoning of witnesses, jury fees, warning order attorney, and guardian ad litem fees, costs of the originals of any depositions (whether taken stenographically or by other than stenographic means), fees for extraordinary services ordered to be paid by the court, and such other costs as are ordinarily recoverable by the successful party. If within five days after such service no exceptions to the bill are served on the prevailing party, the clerk shall endorse

>on the face of the judgment the total amount of costs recoverable as a part of the judgment. Exceptions shall be heard and resolved by the trial court in the form of a supplemental judgment.

Ky.CR 54.04(2).

17. The purpose of requiring the prevailing party to file a bill of costs is twofold: **(i)** to give the losing party a chance to review and challenge the costs and amount of costs claimed by the prevailing party, and **(ii)** subject the award of costs to judicial oversight and review.

18. If a prevailing party fails to file a bill of costs as required by law, the prevailing party may not recover court costs from the losing party.

19. PRA did not file a bill of costs in the state court action.

20. PRA did not serve a bill of costs on Mr. Price.

21. There is no supplemental judgment entered in the state-court case awarding PRA costs.

22. On January 12, 2016, PRA filed a wage garnishment against Mr. Price.

23. A true and accurate copy of the garnishment filed by PRA is attached as Exhibit "C."

24. The wage garnishment filed by PRA states that $1,924.65 is the amount due under the judgment.

25. The wage garnishment filed by PRA further notes that "Probable Court Costs" are $10.00.

26. Consequently, the amount of the judgment as stated by PRA in the wage garnishment is $151.50 greater than the amount of the actual default judgment amount entered in PRA's favor.

27. Upon information and belief, the $151.50 represents self-awarded court costs by PRA.

28. Because PRA did not file a bill of costs and there is no supplemental judgment awarding PRA costs in any amount, including $151.50 in court costs or the $10.00 in probable court costs, PRA representation in the wage garnishment of the amount of the default judgment against Mr. Price is false.

29. Upon information and belief, PRA received $1,9324.65 from Mr. Price's employer under the wage garnishment.

30. Because PRA has no legal right to recover any court costs from Mr. Price without

first filing a bill of costs and being awarded a supplemental judgment for those costs, PRA has been unjustly enriched at Mr. Price's expense.

31. PRA violated the FDCPA by misrepresenting the amount of Mr. Price's debt by including self-awarded court costs and by collecting an amount for that same debt from Mr. Price that PRA was not legally entitled to recover from him.

## CLAIMS FOR RELIEF

### I.  Violations of the Fair Debt Collection Practices Act

32. The foregoing acts and omissions of Portfolio Recovery Associates, LLC constitute violations of the FDCPA, including but not limited to 15 U.S.C. § 1692e and 15 U.S.C. § 1692f.

### II.  Unjust Enrichment

33. PRA willfully and intentionally included self-awarded court costs in the judgment amount stated in the wage garnishment filed by PRA.

34. PRA in fact collected $161.50 from Mr. Price's wages under the wage garnishment that it had no legal right to collect from him.

35. PRA has been unlawfully and illegally unjustly enriched by the collection of $161.50 in court costs that PRA had no legal right to take from Mr. Price's wages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Rodney Price requests that the Court grant him the following relief:

1. Award Plaintiff actual damages;

2. Award Plaintiff punitive damages;

3. Award Plaintiff maximum statutory damages;

4. Award Plaintiff reasonable attorney's fees and costs;

5. A trial by jury; and

6. Such other relief as may be just and proper.

Respectfully submitted,

/s/ James H. Lawson
**James H. Lawson**
*Lawson at Law, PLLC*
115 S. Sherrin Ave.
Suite 4
Louisville, KY 40207
Tel:   (502) 473-6525
Fax:   (502) 473-6561
james@kyconsumerlaw.com

-5-

## Verification

Plaintiff Rodney Price declares as follows:

1. I am a Plaintiff in the present case and reside in Shelby County, Kentucky.

2. I have personal knowledge of myself and my activities, including those set out in the foregoing *Verified Complaint,* and if called on to testify I would competently testify as to the matters stated herein.

3. I verify under penalty of perjury under the laws of the United States of America that the factual statements in this *Complaint* concerning myself and my activities are true and correct. 28 U.S.C. § 1746.

Executed on May 5th, 2016.

_____
Rodney Price